IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD C. BUTLER,

    Plaintiff,

    v.                                      CASE NO. 19-3261-SAC

SHERRI BECKER, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This pro se civil rights complaint was filed by a state pre-trial detainee in the District Court of Atchison County, Kansas. Defendants thereafter removed the action to federal court under 28 U.S.C. §§ 1441, 1443, and 1446. Plaintiff alleges his constitutional rights were violated when employees of the Atchison County Jail gave a letter he had written to a potential witness to the prosecutor, who then opened and read the letter. He seeks relief in the form of damages totaling $175,000.

This matter is before the Court for screening and upon a Motion to Dismiss (ECF No. 3) filed by Defendants. Also before the Court are a Motion for Leave to File Under Seal (ECF No. 6) filed by Defendants and ten (10) motions filed by Plaintiff, as well as six (6) responses to the Motion to Dismiss. For reasons that follow, the Court finds that Plaintiff's Complaint should be dismissed.

**Screening of the Complaint**

Before addressing any dispositive motions, the Court must screen Plaintiff's Complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**Nature of the Matter Before the Court**

At the time of filing, Plaintiff was being detained in the Atchison County Jail pending trial on rape charges. Plaintiff wrote a letter to the ex-boyfriend of the alleged victim, who Plaintiff wanted to testify at trial. Plaintiff mailed the letter on July 20, 2019, but "jail staff" instead

3

delivered the letter to Defendant Becker, the prosecutor in Plaintiff's criminal case. Defendant Becker opened and read the letter. The letter was returned to Plaintiff or his attorney on or about September 10, 2019.

Plaintiff claims the violation of his First, Sixth, and Fourteenth Amendment rights. He seeks damages in excess of $175,000 to compensate him for mental anguish and suffering.

**Analysis**

Plaintiff claims Defendants interfered with his "legal mail" and "grossly hindered his right to a fair trial." ECF No. 1, Attachment #1, at 1. Plaintiff asserts violation of the First, Sixth, and Fourteenth Amendments but does not provide further explanation of which rights under those amendments he believes were violated.

**Not Legal Mail**

The first problem with Plaintiff's allegations is his characterization of the letter as "legal mail." According to the Complaint, the letter was written by Plaintiff to a possible witness, addressed to that person, and intended to go directly to him. "Legal mail" is correspondence with courts or legal counsel. *See Wardell v. Duncan*, 470 F.3d 954, 959 n.4 (10th Cir. 2006); *see also Cotner v. Knight*, 61 F.3d 915 (Table), 1995 WL 441408, *5 (10th Cir. 1995); K.A.R. 44-12-601(a)(1)(A) (defining "legal mail" as "mail affecting the inmate's right of access to the courts or legal counsel" and limiting it to "letters between the inmate and any lawyer, a judge, a clerk of a court, or any intern or employee of a lawyer or law firm, legal clinic, or legal services organization, including legal services for prisoners.") The letter here, while related to his criminal case, was not a letter to the court or to his appointed defense attorney. As such, it is not entitled to the heightened protection afforded "legal mail."

## No Constitutional Violation

Even if the letter were "legal mail," Plaintiff fails to state a constitutional claim. Courts have identified three potential sources of constitutional protection for an inmate's legal mail. First, the mishandling of legal mail may implicate the inmate's right of access to the courts, which derives from the substantive due process clauses of the Fifth and Fourteenth Amendments and the petition clause of the First Amendment. *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010); *Villabona-Alvarado v. Rios*, No. 07-cv-1937-MSK-MEH, 2009 WL 723308, *3 (D. Colo. Mar. 18, 2009) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). A pretrial detainee has a "constitutional right to adequate, effective, and meaningful access to the courts." *Friedman v. Kennard*, 248 F. App'x 918, 921 (10th Cir. 2007) (*citing Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985)). Furthermore, "unimpeded transmission of inmate legal mail is the 'most obvious and formal manifestation' of the right of access to the courts." *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (quoting *Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1989)).

However, in order "[t]o present a viable claim for denial of access to the courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). An inmate may satisfy the actual injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53. "Conclusory allegations of injury in this respect will not suffice." *Wardell*, 470 F.3d at 959.

In Plaintiff's case, to meet the actual injury requirement, he must demonstrate that the delay in delivery of his letter to the potential witness prejudiced his defense. Plaintiff does not explain

how the delay from July 20 to September 10, 2019, prejudiced his defense when the trial was not set to start until March of 2020. The allegations in the Complaint do not show that Defendants' alleged actions caused Plaintiff to miss any court deadline, have any legal claim dismissed, or lose the ability to pursue any particular defense.

In response to the motion to dismiss filed by Defendants, Plaintiff does claim he suffered an actual injury. *See* ECF No. 5, at 1. He alleges because the letter was given to Defendant Becker, the judge in his criminal case refused to let Plaintiff subpoena the addressee of the letter. He seems to claim the addressee could have provided "exculpatory evidence." *Id.*

Based on Plaintiff's submissions, these claims make no sense. Defendants attempt to clarify Plaintiff's allegations in their sealed motion for leave to file exhibits to reply in support of dismissal under seal (ECF No. 6). Defendants attach Mr. Butler's motion to admit the evidence the addressee of the letter might provide, which describes that evidence, and the State's response to the motion. Defendants also attach the judge's ruling denying Mr. Butler's motion. The ruling was made after a motions hearing occurring on November 20, 2019, more than two months after Plaintiff's letter was returned to his attorney. *See* ECF No. 6-3, at 5 (SEALED). The attachments demonstrate (1) Plaintiff knew what evidence the addressee might provide and (2) Plaintiff and his criminal defense attorney had plenty of time to contact the potential witness before their motion was heard, if that was even necessary.

Because Plaintiff does not demonstrate an actual injury resulting from the delay in delivery of the letter, he has not stated an access to the courts claim.

A second source of constitutional protection for prisoners' legal mail is the free speech clause of the First Amendment. Pursuant to this clause, however, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually

insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); see also *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) ("Such an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or access to the courts, does not give rise to a constitutional violation."); *Lingo v. Boone*, 402 F. Supp. 768, 773 (N.D. Cal. 1975) (one isolated incidence of mail censorship does not justify relief under § 1983); *Johnson v. Wilkinson*, No. 98–3866, 2000 WL 1175519, at *2 (6th Cir. 2000) (isolated instances of interference with prisoner's mail insufficient to rise to a First Amendment deprivation).

In this case, Plaintiff complains of one incident involving one letter. As established above and below, the incident did not result in interference with Plaintiff's right to counsel or access to the courts. Furthermore, this is a case of delay in delivery of the letter and inspection of the contents, but Plaintiff was not prohibited from sending the letter. The Supreme Court has noted that "freedom from censorship is not equivalent to freedom from inspection or perusal" under the First Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Plaintiff has not stated a First Amendment violation.

The third source of constitutional protection for prisoners' legal mail is the Sixth Amendment right to counsel. The Sixth Amendment's "reach is only to protect the attorney-client relationship from intrusion . . .." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (quoting *Wolff*, 418 U.S. at 576-77). Therefore, it is inapplicable here, as Plaintiff has not alleged facts about an inability to communicate with counsel as to criminal matters.

### Failure to State a Claim against these Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v.*

7

*Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff names the prosecutor, Sherri Becker, and three employees of the Atchison County Jail as defendants, Travis Wright, Amber Lee, and Will (LNU). He does not describe the personal participation of any of the three jail defendants, referring to them collectively as "Jail Staff." This is not sufficient to hold any of these defendants personally liable under §1983.

As for Defendant Becker, she is entitled to immunity. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n.13 (1976). Defendant Becker's actions were taken in preparing for trial, and thus she is immune and subject to dismissal from this lawsuit. *See Crooker v. United States,* CIV.A. 08–10149–PBS, 2010 WL 3860597, at *10–*13 (D. Mass. Sept. 29, 2010) (concluding that an Assistant United States Attorney was entitled to absolute immunity for her role

in the monitoring and copying of a prisoner's mail); see also *Acevedo v. Fischer*, No. 12-CV-6866 RA, 2014 WL 5015470, at *4 (S.D.N.Y. Sept. 29, 2014).

**Claim for Damages not Allowed**

Plaintiff seeks damages "in excess of $175,000." ECF No. 1, Attachment #1, at 2. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Because Plaintiff's Complaint does not allege any physical injury, Plaintiff may sue for nominal damages or injunctive relief but not compensatory damages. *See id.* at 879-81.

**Conclusion**

Because the Complaint fails to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights under the First, Sixth, or Fourteenth Amendment, it is subject to dismissal.

Normally the Court would give Plaintiff an opportunity to show cause why his Complaint should not be dismissed. However, in this case Defendants filed a motion to dismiss on virtually the same grounds as the Court's ruling, and Plaintiff has filed at least six (6) documents in response, all of which have been reviewed by the Court. Plaintiff has had the chance to

demonstrate why his Complaint should not be dismissed and has failed to do so. Plaintiff's Complaint is therefore dismissed for failure to state a claim upon which relief can be granted.

**Pending Motions**

Defendants filed a Sealed Motion for Leave to File Exhibits to Reply in Support of Dismissal under Seal (ECF No. 6). The Court has considered those exhibits in reaching its ruling; therefore, the motion is granted.

Plaintiff filed a document titled "Arguments and Factual Basis for Claims" that could be construed, and was docketed, as a motion to amend the complaint (*see* ECF No. 24). To the extent the document was intended to be a motion to file an amended complaint, it is denied for futility as it makes essentially the same allegations as the Complaint and thus also fails to state a claim upon which relief may be granted. *See Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

Plaintiff also filed three motions to appoint counsel (ECF Nos. 15, 27 and 28). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court denies the motions because it concludes that Plaintiff has not asserted a colorable claim against a named defendant.

Plaintiff also filed a Motion to Supplement (ECF No. 29) asking the Court to consider the Offender Mail Log attached to the motion. The Court grants the motion and has reviewed the attached exhibit.

All remaining pending motions are denied as moot given the dismissal of the Complaint.

**IT IS THEREFORE ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants' Sealed Motion for Leave to File Exhibits to Reply in Support of Dismissal under Seal (ECF No. 6) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint (ECF No. 24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF Nos. 15, 27 and 28) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement (ECF No. 29) is **granted**.

**IT IS FURTHER ORDERED** that all remaining pending motions are **denied as moot**.

**IT IS SO ORDERED**.

**Dated on this 31st day of March, 2020, in Topeka, Kansas.**

> s/ Sam A. Crow
> **SAM A. CROW**
> **U. S. Senior District Judge**