IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD C. BUTLER,**

    **Plaintiff,**

    v.                                      CASE NO.  19-3261-SAC

**SHERRI BECKER, et al.,**

    **Defendants.**

## O R D E R

This matter is a pro se civil rights complaint, which was filed in Atchison County District Court and removed to this Court. The Court dismissed the complaint on March 31, 2020, finding Plaintiff failed to state a claim upon which relief could be granted. *See* ECF No. 32. Plaintiff filed a Notice of Appeal on July 7, 2020. The Tenth Circuit issued an order on August 12, 2020, dismissing Plaintiff's appeal as untimely. *See* ECF No. 41. The matter is before the Court on five (5) post-dismissal motions filed by Plaintiff.

*Motion for Order ("Notice of Motion filing second time) (ECF No. 42), filed on 8/24/20*

In this motion, Plaintiff asks the Court to reconsider the order dismissing his appeal in the Tenth Circuit. He states he filed a motion on July 6, 2020 asking for an extension of time, presumably to file an appeal. He alleges he did not receive notice of the order dismissing his case until July 2, 2020 because the Atchison County Jail was withholding his mail.

Reviewing the docket sheet, Plaintiff filed a Motion to Object to Dismiss (docketed as an Objection) and a Motion Objecting to Summary Judgment (docketed as a Response) on July 7, 2020. *See* ECF Nos. 34 and 35. In ECF No. 34, Mr. Butler argues he failed to state a claim because

1

he did not have full access to a law library.  In ECF No. 35, he argues there were genuine disputes as to material facts making summary judgment inappropriate.  In addition to the fact that the Court dismissed the case for failure to state a claim rather than on summary judgment, neither motion requests an extension of time or reopening the time to file an appeal.

A district court may reopen the time to file an appeal of a judgment when a party has not received notice of the entry of a judgment if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."  *See* Fed. R. App. P. 4(a)(6)(B).  However, in the absence of a motion asking the Court to reopen the filing period, this Court lacks authority to do so.

Moreover, as the Tenth Circuit states in its Order, Plaintiff's notice of appeal cannot be treated as a motion for an extension of time to appeal or a motion to reopen the time to appeal.  *See Senjuro v. Murray*, 943 F.2d 36, 37 n.2 (10th Cir. 1991) ("Neither a bare notice of appeal nor its functional equivalent should be construed as a motion for extension of time, where no request for additional time is manifest"); *see also Jenkins v. Burtzloff*, 69 F.3d 462-63 (10th Cir. 1995) (extending the analysis in *Senjuro* to motions to reopen the time to appeal).

Here, Plaintiff states he received notice of the judgment on July 2, 2020, and he did not file a motion requesting the reopening of the time to appeal until at least August 24, 2020.  Because Plaintiff did not file his motion within 14 days after he received notice of the judgment, the Court is without authority to reopen the time to file an appeal.  The motion is denied.

*Motion to Reopen the Time to Appeal (ECF No. 44), filed on 10/5/20*

In this motion, Plaintiff asks the Court to reopen the time to appeal. As explained above, the Court cannot do that because Plaintiff's motion was not timely filed under Fed. R. App. P. 4(a)(6). The motion is denied.

*Motion to Reopen Case (ECF No. 45), filed on 10/14/20*

Plaintiff asks the Court reopen his case. Again, it appears he is asking that his appeal be reopened because he references the withholding of his mail causing him to not respond on time. For the reasons stated above, the Court cannot reopen the time for him to file an appeal or otherwise reinstate his appeal.

If Plaintiff's motion is instead construed as seeking relief from judgment under Fed. R. Civ. P. 60(b), he fails to show any of the circumstances warranting relief under that rule. The circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991). Plaintiff does not offer any argument for why the Court's judgment that he failed to state an actionable claim is wrong. He does not present any exceptional circumstances warranting relief from the judgment in this case. To the extent Plaintiff is requesting his case in this Court be reopened, his motion is denied.

*Motions for Leave to Appeal In Forma Pauperis (ECF Nos. 39 & 40)*

Because Plaintiff's appeal has been dismissed as untimely, these motions are denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order (ECF No. 42), Motion to Reopen the Time to Appeal (ECF No. 44), and Motion to Reopen Case (ECF No. 45) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to Appeal In Forma Pauperis (ECF Nos. 39 and 40) are **denied** as moot.

**IT IS SO ORDERED**.

**Dated on this 22nd day of October, 2020, in Topeka, Kansas.**

                                         **s/ Sam A. Crow**
                                         **SAM A. CROW**
                                         **U. S. Senior District Judge**